## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. **SALVADOR FRANCO-GOMEZ,** | |
| **Petitioner,** | |
| v. | |
| 1. **KRISTI L. NOEM, Secretary of Department of Homeland Security;** | No. 25-cv-00243-CVE-MTS |
| 2. **JOSHUA JOHNSON, Immigration and Customs Enforcement, Enforcement and Removal Operations; Dallas Field Office Director.** | |
| 3. **VIC REGLADO, Tulsa County Sheriff;** | |
| 4. **TULSA COUNTY CRIMINAL JUSTICE AUTHORITY;** | |
| **Respondents.** | |

## EMERGENCY PETITION FOR WRIT OF HABEAS CORPUS
## PURSUANT TO 28 U.S.C. § 2241 AND INJUNCTIVE RELIEF

### I.   Introduction

This is an emergency petition for a writ of habeas corpus filed on behalf of Salvador Franco-Gomez ("Mr. Franco" or "Petitioner") who seeks injunctive relief to remedy his unlawful detention. Respondents are detaining Mr. Franco pending removal proceedings. Counsel has been advised that Mr. Franco could be removed to Texas as early as this weekend from local immigration custody

1

in the David L. Moss Correctional Facility ("Tulsa County Jail").  Prior to his unlawful detention, he was reporting with the U.S. Immigration and Customs Enforcement (USICE) and **had committed no crimes**. His prolonged detention and possible removal is no longer justified under the Constitution or the Immigration and Nationality Act (INA).

If Petitioner is **removed to Texas[1] and then removed to Mexico, while his current immigration hearing remains pending, there is a high likelihood that Petitioner will not be given any due process**. Courts around the United States have already granted relief based on similar circumstances.

## II.    Procedural Background and Facts

1. Petitioner, Mr. **Salvador Franco Gomez** (A205 291 774), is a native and citizen of Mexico who entered the United States without inspection on or about May 15, 1992, at or near El Paso, Texas, when he was 19 years old. **On August 27, 1996, Mr. Franco married Martha Vargas Muro in Oklahoma City, Oklahoma. On April 30, 2001, his sister-in-law, a U.S. citizen, filed an I-130 family-based immigrant**

---

[1] It is the understanding of the undersigned that DHS/ICE is removing individuals to certain facilities and then continues to move them to other facilities as a game of "whack-a-mole" that prevents counsel to seek relief and as a means to even hide individuals from their families until they are removed out of the United States.

petition on behalf of Mr. Franco's wife under the Family Second Preference (F2B) category (SRC-01-197-53691). The petition was approved on September 2, 2009, thereby conferring eligibility under Section 245(i) of the Immigration and Nationality Act (INA) for both his wife and Mr. Franco to adjust status in the United States.

2. **Mr. Franco's wife became a Lawful Permanent Resident in March 2018. Together, they have three U.S. citizen children.** When their eldest child turned 21, she filed an I-130 petition on behalf of Mr. Franco (LIN-17-90653969), which was approved on January 26, 2018. Their two other children are currently 25 and 18 years old. **Their youngest daughter, Kimberly, was born with a congenital kidney condition—multicyclic dysplastic right kidney—and continues to receive ongoing medical care.** Supporting medical documentation was previously submitted to both Immigration and Customs Enforcement (ICE) and the immigration court.[2]

3. **Mr. Franco has no significant criminal history.** He was arrested on or about April 10, 2012, in Otero County, New Mexico, while en route to

---

[2] Due to the urgent nature of this filing, it is requested that any documents referenced be submitted to the Court by supplement.

3

work in a vehicle occupied by seven other individuals. **Mr. Franco was not the driver and was not charged with any crime**. Following this encounter, he was transferred to ICE custody and placed into removal proceedings.

4. **An Immigration Judge (IJ) set bond at $5,500, which was paid on May 4, 2012, resulting in Mr. Franco's release**. The Department of Homeland Security **(DHS) waived any appeal** of the IJ's bond determination.

5. While removal proceedings remain pending since 2012, **Mr. Franco has diligently pursued lawful avenues for relief.** He filed an EOIR-42B Application for Cancellation of Removal on March 19, 2014. Additionally, based on his daughter's approved I-130 petition and his 245(i) eligibility, he filed an I-485 Application to Adjust Status on or about January 9, 2019. **His individual merits hearing was most recently scheduled for February 25, 2021, but was cancelled due to the COVID-19 pandemic. The case has not yet been reset, and Mr. Franco continues to await a final hearing date**.

6. Throughout the pendency of his removal case, **Mr. Franco has fully complied with the conditions of his bond**.

4

7. Nevertheless, on April 18, 2025, his bond obligor received a Form I-340, "Notice to Deliver Alien," requiring Mr. Franco to report to the local ICE office in Tulsa, Oklahoma on May 14, 2025.

8. When Mr. Franco complied with the notice and appeared for the appointment, ICE officers took him into custody (placed in the Tulsa County Jail), stating that his bond had been revoked.

9. No justification or legal authority was provided for this revocation. **Notably, ICE does not have statutory authority to unilaterally revoke a bond set by an Immigration Judge**.

10. Because Mr. Franco continues to satisfy all bond conditions and has not violated any terms of release, his detention is unlawful and he must be immediately released.

**III.   Parties**

11.     The Petitioner **SALVADOR FRANCO GOMEZ** is a citizen of Mexico, who is on an immigration bond, who is pending a hearing with the immigration courts to adjust his status.

12.     Respondent 1 is **KRISTI L. NOEM** is the Secretary of the United States Department of Homeland Security. She is named in her official capacity.

13.    Respondent 2 is **JOSHUA JOHNSON** is the Acting Field Office Director of Immigration and Customs Enforcement (ICE), Enforcement and Removal Operation, of Dallas Field Office. He is named in his official capacity.

14.    Respondent 3 is **VIC REGALADO** is the Sheriff of Tulsa County and is Petitioner's immediate custodian. He is named in his official capacity.

15.    Respondent 4 is the **TULSA COUNTY CRIMINAL JUSTICE AUTHORITY** is the public trust established in overseeing the David L. Moss Correctional Facility ("Tulsa County Jail") which is also the Petitioner's immediate custodian and are named in their official capacity.

## IV.    <u>Jurisdiction</u>

16.     This Court has jurisdiction under 28 U.S.C. § 2241 (habeas corpus) and Article I, Section 9, Clause 2 of the U.S. Constitution ("Suspension Clause"), as well as 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 2201, 2202 (Declaratory Judgment Act).

17.    The federal district courts have jurisdiction to hear habeas claims by non-citizens contesting the lawfulness of their immigration detention. *Aguilar v. Immigration & Customs Enforcement Div. of the Dep't of*

*Homeland Sec.*, 510 F.3d 1, 11 (1st Cir. 2007) (citing Demore v. Kim, 538 U.S. 510, 516 (2003)).

18.     The Petitioner invokes the jurisdiction of this Court pursuant to 28 U.S.C. § 1331 in that the action arises out of the Constitution and laws of the United States and seeks corrective action.

19.     For removal claims, generally, a challenge to removal must be raised in the court of appeals by petition for review from a decision of the BIA. *See id.* (explaining that Congress intended to channel immigration disputes into administrative proceedings). However, the provisions of the REAL ID Act of 2005 set forth at 8 U.S.C. § 1252 ("jurisdiction-stripping provisions"), which strip jurisdiction of this Court's habeas corpus review power, are not applicable in this case.

20.     More specifically, even if the jurisdiction-stripping provisions applied, they cannot be used to deny Petitioner's right to habeas corpus relief in this case without violating the Constitution's Suspension Clause. The Suspension Clause is "violated where habeas corpus relief is foreclosed and alternative remedies are inadequate." *Compere¸* 358 F. Supp. 3d at 179 (quoting *Boumediene v. Bush*, 553 U.S. 723, 792 (2008)); *Hussein v. Strafford County*, 2018 U.S. Dist. LEXIS 82405, 2018 DNH 101, 14 (D.N.H. May 16, 2018); *see also Devitri v. Cronen*, 290 F. Supp.

3d 86, 93 (D. Mass. 2017) ("Devitri I") (concluding that "[i]f the jurisdictional bar in 8 U.S.C. § 1252(g) prevented the Court from giving Petitioners an opportunity to raise their claims [for post-order of removal Motions to Reopen based on changed circumstances] through fair and effective administrative procedures, the statute would violate the Suspension Clause as applied.").

21.     This action arises under the Constitution of the United States, the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101 *et. seq*., as amended by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub. L. No. 104-208, 110 Stat. 1570. This Court has jurisdiction under 28 U.S.C. 2241, art. I, § 9, cl. 2 of the United States Constitution ("Suspension Clause") and 28 U.S.C. § 1331, as Petitioner is presently in custody under color of authority of the United States and such custody is in violation of the U.S. Constitution, laws, or treaties of the United States. This Court may grant relief pursuant to 28 U.S.C. § 2241, and the All Writs Act, 28 U.S.C. § 1651.

**V.    Venue**

22.     Venue is proper in the Northern District of Oklahoma, as the parties are located (detained) in and continuing state prosecution in Tulsa County, Oklahoma.  The Petitioner respectfully requests this

Court to enjoin Defendants' actions in the continued unlawful detention in Tulsa County. 28 U.S.C. § 1391(e).

## VI.  **Custodial Status of Petitioner**

23.     Mr. Franco is in the physical custody of Respondent(s), Field Office Director for Detention and Removal, U.S. Immigration and Customs Enforcement (USICE), the Department of Homeland Security (DHS), and Respondents Vic Regalado and the Tulsa County Criminal Justice Authority have control over David L. Moss Correctional Facility (Tulsa County Jail) in Tulsa, Oklahoma.

24.     At the time of the filing of this petition, Petitioner is detained at the David L. Moss Correctional Facility ("Tulsa County Jail") located in Tulsa, Oklahoma within the Northern District of Oklahoma. The jail contracts with the DHS to detain aliens such as Petitioner. Mr. Franco is under the direct control of Respondents and their agents.

## VII.  **Exhaustion**

25.  The Petitioner has exhausted any administrative remedies to the extent required by law. He has fully cooperated with Respondents and has not delayed or obstructed his detention. Mr. Franco has no options to prevent his removal to Texas.

26.  Mr. Franco's only remedy is by way of this judicial action.

27.   A habeas petitioner is not required to exhaust remedies if exhaustion

would be futile. *Wilson v. Jones*, 430 F.3d 1113, 1118 (10th Cir. 2005)

*cert. denied*, 549 U.S. 943, 127 S. Ct. 158, 166 L. Ed. 2d 253 (2006).

## VIII. Claims for Relief Presented

The foregoing allegations are realleged and incorporated herein.

## COUNT ONE
## (CONSTITUTIONAL CLAIM SUSPENSION CLAUSE AND DUE PROCESS CLAUSE OF THE U.S. CONSTITUTION)

Petitioner alleges and incorporates by reference the paragraphs above.

Petitioners' unlawful detention violates his right to substantive and procedural

due process guaranteed by the Fifth Amendment to the U.S. Constitution as

the Due Process Clause of the Fifth Amendment forbids the government from

depriving any person of liberty without due process of law. U.S. Const. amend

V. "The privilege of the writ of habeas corpus shall not be suspended, unless

when in cases of rebellion or invasion the public safety may require it." U.S.

Const. art. I, § 9, cl. 2.

The Suspension Clause is "violated where habeas corpus relief is

foreclosed and alternative remedies are inadequate." *Compere*¸ 358 F. Supp. 3d

at 179 (quoting *Boumediene v. Bush*, 553 U.S. 723, 792 (2008)); *Hussein v.

Strafford County*, 2018 U.S. Dist. LEXIS 82405, 2018 DNH 101, 14 (D.N.H.

May 16, 2018); *see also Devitri v. Cronen*, 290 F. Supp. 3d 86, 93 (D. Mass.

2017) ("Devitri I") (concluding that "[i]f the jurisdictional bar in 8 U.S.C. § 1252(g) prevented the Court from giving Petitioners an opportunity to raise their claims [for post-order of removal Motions to Reopen based on changed circumstances] through fair and effective administrative procedures, the statute would violate the Suspension Clause as applied.").

## COUNT TWO
**(STATUTORY CLAIM)**

Petitioner alleges and incorporates by reference paragraphs above. Petitioner's continued detention violates the Immigration and Nationality Act and the U.S. Constitution.

## CONCLUSION AND PRAYER FOR RELIEF

**WHEREFORE**, Petitioner has shown that he will suffer irreparable harm, that there is a likelihood to prevail on the merits, that the balancing of potential harms weighs in favor of Petitioner, and that the public interest favors granting Petitioner's requested relief; therefore it is requested that this Court:

a. Assume jurisdiction over this matter and issue an immediate preliminary injunction. No bond will be required. *See Gorbach v. Reno*, 219 F.3d 1087, 1092 (9th Cir. 2000).

b. Issue an order directing Respondents to show cause why the writ should not be granted;

11

c.  Issue a writ of habeas corpus ordering Respondents to release Mr. Franco Gomez on his own recognizance or under parole, a low bond or reasonable conditions of supervision show;

d.  Award Petitioner reasonable costs and attorney's fees attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), as amended, 28 U.S.C. § 2412; and,

e.  Grant any other relief which this Court deems just and proper

Respectfully submitted,

*/s/ Robert Don Gifford*
ROBERT D. GIFFORD, II
**Gifford Law, P.L.L.C.**
P.O. Box 2682
Oklahoma City, Oklahoma 73101
T: 405.778.4647 | F: 877.295.0287
Robert.Gifford@GiffordLawyer.com

*Pro Bono Attorney for the Petitioner*

*/s/ Michelle L. Edstrom*
Michelle L. Edstrom, OBA #22555
Edstrom Law Center
1708 N. Broadway Ave.
Oklahoma City, OK 73103
T: 405.401.1213
medstrom@edstromlaw.com

*Attorney for the Petitioner*

12

## VERIFICATION OF COUNSEL

I, Robert Don Gifford, II, hereby certify that I am familiar with the case of the named petitioner and that the facts as stated above are true and correct to the best of my knowledge and belief.

*/s/ Robert Don Gifford, II*
ROBERT Don GIFFORD, II

## CERTIFICATE OF SERVICE

This is to certify that on May 16, 2025, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a notice of electronic filing to counsel of record.  In addition, the document was emailed to the U.S. Attorney's Office to attorneys assigned to the civil division and appellate division.

*/s/ Robert D. Gifford*
ROBERT D. GIFFORD, II