**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OKLAHOMA**

**SALVADOR FRANCO-GOMEZ,**

**Petitioner,**

**v.**

**KRISTI L. NOEM, Secretary of the Department of Homeland Security,**

**JOSHUA JOHNSON, Immigration and Customs Enforcement, Enforcement and Removal Operations, Dallas Field Office Director,**

**VIC REGALADO, Tulsa County Sheriff,**

**Respondents.**

**No. 25-CV-00243-CVE-MTS**

**SHERIFF VIC REGALADO'S ANSWER TO ORDER TO SHOW CAUSE AND MOTION TO DISMISS**

Comes now Respondent Vic Regalado, in his official capacity as Sheriff of Tulsa County, and in response to the Court's Order to Show Cause (Dkt. # 5) regarding Petitioner Salvador Franco-Gomez' Emergency Petition for Writ of Habeas Corpus, respectfully answers the Petition as follows:

## I. PRELIMINARY STATEMENT

Sheriff Regalado is not a proper party in this action as he does not have "immediate custody" of Petitioner. Petitioner is being detained pursuant to the power and authority of the federal government and housed within the David L. Moss Criminal Justice Center ("DLM")

pursuant to an Intergovernmental Service Agreement ("ISA").[1] Actual legal custody over Petitioner resides with federal immigration authorities—two of whom are named Respondents in this case. Sheriff Regalado is without authority to release Petitioner or alter his immigration detention status. No writ should be directed toward Sheriff Regalado and he respectfully requests to be dismissed from this case as an improper, duplicative party.

## II.
## SHERIFF REGALADO IS AN IMPROPER RESPONDENT

Petitioner complains that Immigration and Customs Enforcement ("ICE") officers revoked his bond, took him into their custody, and placed him in DLM pending removal proceedings. Dkt. # 1, at 1, 2, 5. Petitioner challenges the validity of his detention. While admitting that he is "presently in custody under color of authority of the United States," and that DLM has an agreement with the Department of Homeland Security ("DHS") to house immigrant detainees, Petitioner alleges that Sheriff Regalado is his immediate custodian. *Id.* at ¶¶ 14, 21, 24. Not so.

The proper respondent in a habeas corpus action is the person who has immediate custody over the petitioner and there is "generally only one proper respondent to a given prisoner's habeas petition." *Rumsfeld v. Padilla,* 542 U.S. 426, 434 (2004). When an immigrant detainee is housed in a county jail pursuant to an ISA, the immediate custodian "is the federal official with the most immediate control over that facility." *Arias v. Decker*, 459 F. Supp. 3d 561, 568 (S.D.N.Y. 2020). In such situations where a detainee is in ICE's custody:

> courts have concluded that the proper respondent is the **director of the ICE field office** responsible for overseeing the contract facility where the petitioner is detained. *See Khodr v. Adduci*, 697 F.Supp.2d 774, 776 (E.D. Mich. 2010) (finding that the proper respondent was the ICE District Director, not the warden of the county jail); *Masingene v. Martin*, 2020 WL 465587, at *3 (S.D. Fla. Jan. 27, 2020)

[1] *See* Intergovernmental Service Agreement, first nine (9) pages of agreement attached as Exhibit 1, full agreement available at https://www2.tulsacounty.org/government/open-government/all-contracts/ (search in CMF# search bar "20202473," then click the hyperlink).

> (same); *Abner v. Sec'y of Dep't of Homeland Security*, 2006 WL 1699607, at *3-4 (D. Conn. June 19, 2006) (finding that the ICE field office director, not the warden of a county facility, was the correct respondent); *Zabadi v. Chertoff*, 2005 WL 1514122, at *3 (N.D. Cal. June 17, 2005) (finding that the ICE district director, also known as the field office director, who could direct the county warden to release the petitioner was the proper respondent). *Cf Sanchez-Penunuri v. Longshore*, 7 F. Supp. 3d 1136, 1145 (D. Colo. 2013) (observing that "the ICE District Director is the only official who appears authorized by regulation to make custody decisions for immigration detainees").

*See Chiwanga v. Garland*, No. 22-CV-116-JFH, 2022 WL 20208543, at *1 (E.D. Okla. May 20, 2022) (emphasis added); *see also Arias,* 459 F. Supp. 3d at 568 (collecting cases).

> Other courts have held that national-level policymaking officials are proper respondents. *See, e.g., Carmona v. Aitken*, No. 14-CV-05321-JSC, 2015 WL 1737839, at *4 (N.D. Cal. Apr. 10, 2015) (U.S. Attorney General and DHS Secretary were the proper respondents, as officials "with the actual authority to effectuate the prisoner's release"); *Bogarin–Flores v. Napolitano*, No. 12CV0399 JAH (WMC), 2012 WL 3283287, at *2 (S.D. Cal. Aug. 10, 2012) (Attorney General and DHS were the proper respondents, not the warden of the contract facility in which the petitioner was held); *Farez–Espinoza v. Chertoff*, 600 F.Supp.2d 488, 494 (S.D.N.Y. 2009) (DHS Secretary and Attorney General were proper respondents); *see also Santos v. Smith*, 260 F.Supp.3d 598, 608–09, 2017 WL 2389722, at *8 (W.D. Va. 2017) (declining to dismiss ORR director where a minor was held in an ORR contract facility).

*Saravia v. Sessions,* 280 F. Supp. 3d 1168, 1184-85 (N.D. Cal. 2017); *see also Chiwanga,* 2022 WL 20208543, at *1 (adding the Secretary of State and Attorney General of the United States as respondents).

Here, Petitioner named Joshua Johnson, Immigration and Customs Enforcement, Enforcement and Removal Operations, Dallas Field Office Director ("Director"), and Kristi L. Noem, Secretary of the Department of Homeland Security ("Secretary"), as respondents. Dkt. # 1, at ¶¶ 12-13. Both of whom are more appropriate respondents and better suited to defend the federal government's interest in this proceeding.

Sheriff Regalado, however, "is ill-placed to respond to the merits of the claims underlying the habeas petition at bar because the Sheriff [is not] in possession of the information necessary to

answer on behalf of federal immigration authorities, [and] the Sheriff [does not] have any legitimate interest in litigating these claims." *Doe v. Barr*, No. 20-CV-02263-RMI, 2020 WL 1984266, at *5 (N.D. Cal. Apr. 27, 2020). Indeed, Sheriff Regalado is without knowledge or information sufficient to form a belief as to the truth or falsity of the bulk of the material allegations set forth in the Petition. He takes no position regarding the merits of the Petition.

Petitioner is simply being housed in DLM pursuant to ISA between the County and ICE/DHS. Sheriff Regalado does not have authority to determine or modify the conditions or duration of Petitioner's immigration detention. *See* Exhibit 1, at 7-8. Any actions regarding release, transfer, or removal are under the exclusive jurisdiction of ICE or DHS. *See Calderon v. Sessions*, 330 F. Supp. 3d 944, 952 (S.D.N.Y. 2018) ("ICE is in complete control of detainees' admission and release.").

Accordingly, Sheriff Regalado should be dismissed as a respondent in this proceeding.

CONCLUSION

Sheriff Regalado respectfully requests that he be dismissed or substituted as a respondent in this action and that Petitioner take no relief by way of his Petition against him.

Respectfully submitted,

s/ Mike Shouse
Mike Shouse, OBA No. 33610
Tulsa County District Attorney's Office
218 W. 6th St., Suite 930
Tulsa, OK 74119
(918) 596-4825 | Mshouse@tulsacounty.org
**Attorney for Sheriff Vic Regalado**

**CERTIFICATE OF SERVICE & ELECTRONIC NOTICE**

I hereby certify that on May 23, 2025, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to all ECF registrants in this case.

s/ Mike Shouse
Mike Shouse